UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

AUDREY TAYLOR,

       Plaintiff,

vs.

WAL-MART STORES EAST, L.P.

       Defendant.

_____/

## WAL-MART STORES EAST, L.P.' S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P., ("WAL-MART"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the 4th Judicial Circuit Court in and for Duval County, Florida, Case No. 2020-CA-001549, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I. FACTUAL BACKGROUND

1. On March 5, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East, L.P., in the 4th Judicial Circuit Court in and for Duval County, Florida. *See* Pl.'s Compl., attached as Ex. "A."

2. The initial Complaint was served on Wal-Mart on March 17, 2020. *See* Civil Action Summons attached as Ex. "B."

3. Plaintiff is a resident of Duval County, Florida. *See* Plaintiff's Complaint attached as Ex. "A" at ¶ 2.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

4.      As fully discussed in detail below, Wal-Mart is a Delaware limited partnership whose principal place of business is Bentonville, Arkansas.

5.      Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on July 8, 2019, when she allegedly slipped and fell on a liquid substance of the Wal-Mart store located at 13227 City Square Drive, Jacksonville, Florida 32218. *See* Ex. "B" at ¶¶ 4-6, 11.

6.      Plaintiff alleges Wal-Mart negligently breached its duties owed to her by, *inter alia,* failing to maintain its premises in a reasonably safe condition and to warn of perils that Plaintiff could not have discovered. *See* Ex. "B" at ¶ 10.

7.      On April 16, 2020, Wal-Mart propounded its Request for Admissions to Plaintiff. *See* Ex. "C".

8.      On May 18, 2020, Plaintiff filed her Responses to Wal-Mart's Request for Admissions and admitted that she is seeking damages in excess of $75,000.00. *See* Ex. "D" at No. 15 & 16.

9.      Plaintiff's Complaint is therefore removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

10.      Venue exists in the United States District Court for the Middle District of Florida (Jacksonville Division), because the 4th Judicial Circuit Court in and for Duval County is located in the Jacksonville Division of counties served by the Middle District of Florida, which is located within the United States District Court for the Middle District of Florida.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

11.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 4th Judicial Circuit of the State of Florida in and for Duval County together with a docket sheet from the Clerk of the Court.  *See* attached as Composite Ex. "E."

12.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13.     On May 18, 2020, Plaintiff served Wal-Mart with her Response to Request for Admissions admitting that damages in this case exceed $75,000.00. *See* Ex. "D" at No. 15 & 16.

14.     Plaintiff's Responses to Wal-Mart's Request for Admissions are the first paper from which Wal-Mart ascertained that the instant case is removable based on diversity jurisdiction as Plaintiff admitted that the amount in controversy exceeds $75,000.00. *See Id.*

15.     28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty days after receipt by Wal-Mart, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

16.     Responses to request for admissions constitute "other paper" under § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213, n. 61 (11th Cir. 2007); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989); *Dukes v.*

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Wal-Mart, Inc.*, 2018 U.S. Dist. LEXIS 204199, at *8 (M.D. Ala. November 30, 2018); *Rowe v. Swift Transp. Co. of Arizona, LLC*, 2017 U.S. Dist. LEXIS 221679, at *3 (M.D. Fla. December 21, 2017); *Pugliese v. Tex. Roadhouse, Inc.*, 2017 U.S. Dist. LEXIS 202879, at *4 (M.D. Fla. December 11, 2017); *Murat v. Sam's East, Inc.*, 2017 U.S. Dist. LEXIS 13955, at *3 (S.D. Fla. January 23, 2017); *Garden Terrace Apts. No. 9 Ass'n v. W. Heritage Ins. Co.*, 2016 U.S. Dist. LEXIS 190994, at *5 (S.D. Fla. February 11, 2016).

17.     In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's Responses to Wal-Mart's Request for Admissions, which was the paper that made it clear that removal was appropriate. *See* Ex. "D" at No. 15 & 16. Thus, the instant Notice of Removal is timely filed.

## III.     THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

19.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

20.     "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

21. This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A. Citizenship of WAL-MART STORES EAST, L.P.**

22. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "F."

23. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

24. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

25. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

26. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

27. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.

28. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

29.     The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

**B. Citizenship of The Plaintiff, AUDREY TAYLOR**

30.     Plaintiff, Audrey Taylor, was at all times material to this action a resident of Duval County, Florida. *See* Ex. "A" at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

31.     Here, Plaintiff alleges she resides in Duval County, Florida. *See* Ex. "A" at ¶ 2. Plaintiff's Duval County, Florida residence is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

## IV. AMOUNT IN CONTROVERSY

32.     The amount in controversy exceeds $75,000.00. *See* Ex. D at No. 15 & 16.

33.     Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, Plaintiff's Responses to Wal-Mart's Request for Admissions [*Id*], evidences that

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

34.     The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

35.     Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319*; see also, Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[1] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

36.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated

---

[1] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

37.     Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

38.     Similarly, the Eleventh Circuit Court has held that **responses to discovery**, deposition transcripts, and other documents can constitute and be considered the "**other paper**" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.*, 483

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

39.     Applying this principle, the Southern District of Florida has numerous cases wherein removal was directly based on the plaintiff's admission that the amount in controversy exceeded $75,000.00. *See Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.*, 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.D. Dist. LEXIS 192025 (S.D. Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

40.     In *Monserrate*, the defendant relied on the plaintiff's responses to its request for admission and documents produced in response to its request for production to establish the basis for removal. *Monserrate*, 2014 U.S. Dist. LEXIS 193068, at *2. The plaintiff's discovery responses demonstrated that the amount in controversy exceeded $75,000.00 and proved the diversity of citizenship between the parties. *Id*. at * 8. The *Monserrate* court relied on the well-established concept that 28 U.S.C. § 1446(b) allows for the consideration of "other paper," including discovery responses, to determine whether removal is proper. *Id*.

41.     Accordingly, this Court may look to Plaintiff's discovery responses when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

42.     In this case, Plaintiff's Responses to Wal-Mart's Request for Admissions and the allegations of the Complaint conclusively establish that the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See* Ex. "A" at ¶ 1; Ex. "D" at No. 15 & 16.

43.     Similar to *Monserrate*, Plaintiff admits that she is seeking damages in excess of $75,000.00. *See* Ex. "D" at No. 15 & 16. The Court has the authority to rely on Plaintiff's admission as proof that the jurisdictional limit has been met.

44.     Based on the foregoing, Wal-Mart has established that Plaintiff's claimed damages in this case exceed $75,000.00 by Plaintiff's own admission. Additionally, Plaintiff's Complaint, [*See* Ex. A" at ¶ 12], claims loss wages of an unknown quantity, past medical expenses, and past and future pain and suffering of an unknown quantity. *See Wilson,* 888 F.2d 779 at 780; *Sibilia v. Makita Corp.,* 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010); *Taylor v. Tractor Supply Co.,* 2014 WL 5473558, at *1–2 (M.D. Fla. 2014); *Wilson,* 2010 LEXIS 96399, at *4. As such, removal is proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3) because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the 4th Judicial Circuit in and for Duval County, Florida.

**WHEREFORE**, Defendant, Wal-Mart Stores Eat, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

that the aforesaid action, case number Case No. Case No. 2020-CA-001549, be removed to the United States District Court for the Middle District of Florida, Jacksonville Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: June 1, 2020**

Respectfully submitted,

*/s/   Patricia Concepcion*

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
Attorneys for Defendant
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   305-379-3686
Facsimile:    305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/   Patricia Concepcion*

Patricia Concepcion

## <u>SERVICE LIST</u>

Corey J. Portnoy, Esq.
Morgan & Morgan, P.A.
76 South Laura Street
Suite 1100
Jacksonville, Florida 32202
Telephone:   (904) 361-4441
Email:  cportnoy@forthepeople.com
*Attorneys for Plaintiff*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690